GEORGE J. BOND *et al.*, Plaintiffs-Appellants, v. WILLIAM NOBLE, Defendant-Appellee.

Fourth District   No. 4—87—0286

Opinion filed December 17, 1987.

KNECHT, J., dissenting.

James B. Lewis, of Peoria, for appellants.

Reino C. Lanto, Jr., of Rantoul, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On March 26, 1985, plaintiffs George and Cheryl Bond filed suit in the circuit court of Ford County against defendant William Noble to recover damages resulting from defendant's allegedly fraudulent misrepresentations and violation of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. ch. 121½, par. 261 *et seq.*). The complaint alleged that defendant materially misrepresented the nature and extent of water problems in the basement of a residence purchased by plaintiffs from defendant. On September 24, 1986, following a jury trial in Ford County, judgment on a verdict was entered in favor of defendant and against plaintiffs.

On appeal, plaintiffs maintain the trial court erred in admitting evidence of prior disclosures of water problems in the house, allegedly made by defendant to other prospective buyers, as being irrelevant to the issue of whether defendant made the same or similar disclosures to plaintiffs. We agree.

Plaintiffs testified at trial that, on June 20, 1984, they viewed a residence belonging to and offered for sale by defendant. They both indicated that one of the most important criteria for a new home was that the basement be dry or without water problems. Cheryl Bond testified that, at that time, she asked defendant if the house had water problems, and he responded that there had been some "minor seepage." Defendant testified that he told plaintiffs there was "potentially a water problem" in the lower level. He stated that he told plaintiffs of the possibility of water coming in, but that when it stopped raining and the carpet was soaked, it was just a matter of cleaning it up.

David Gill, a friend of defendant, was called as a character witness and to testify concerning a visit he made to defendant's house as a prospective buyer. Over plaintiffs' objections, Gill testified that he viewed the house earlier on the same evening as did plaintiffs. He indicated that defendant told him that some water had come into the basement to a depth of up to one inch on "a couple" of occasions. Douglas Roesch also testified on behalf of defendant. He said that he visited defendant's house as a prospective buyer in June of 1984. He indicated, over plaintiffs' objection, that defendant told him of a water problem in the lower level that would saturate the carpet and that a sump pump had been installed to help correct the problem.

■■ In cases alleging fraud or misrepresentation, proof that defendant perpetrated similar deceptions frequently will be received in evidence. Such evidence may help establish the element of knowl-

edge and may be admissible with respect to the element of intent to deceive. (McCormick, Evidence §197, at 581 (3d ed. 1984).) Defendant here contends the *converse* is also true: that a lack of similar deception or misrepresentation disproves fraud. He cites no cases in support of this theory, and the theory is not logical. Proper conduct is normal and improper conduct is not. Thus, the fact that a person proceeded with improper intent on one occasion has inferential value as to that person's conduct on another occasion, while proceeding with proper intent on one occasion does not infer propriety on another occasion. Admission of the questioned evidence here indicated to the jury that the jury could infer that defendant had no fraudulent intent at the time he showed the property to plaintiffs, because he had no such intent when doing the same with others.

■ The trial court erred in admitting the questioned testimony. Defendant maintains that even if this were so, any error was harmless. The jury could have concluded that even if defendant had made the representations attributed to him by plaintiffs, the ability of the basement to handle water was no worse than as so described. On the other hand, the jury could have concluded from the evidence that the condition was much worse than that. Accordingly, the nature of the representations made by defendant was a crucial question in the case. The admitted evidence permitted the jury to make an improper inference favorable to defendant. Plaintiffs are entitled to a new trial.

We reverse and remand for a new trial.

Reversed and remanded.

McCULLOUGH, J., concurs.

JUSTICE KNECHT, dissenting:

I dissent. I do not believe the admitted evidence permitted the jury to make an improper inference. I agree the lack of similar deceptions or misrepresentations ordinarily proves nothing. In this case, however, evidence that defendant discussed the water problem with two prospective purchasers may give rise to an inference he also discussed the problem with plaintiffs. These two purchasers looked at the house on the same date as did the plaintiffs. If their testimony is suspect because of friendship with defendant, then cross-examination will expose them. If their testimony is truthful, but plaintiffs wish to suggest defendant was honest with his friends while dishonest with people he did not know, then final argument can make that point.

Rules of evidence do not have meaning in the abstract. Here, the

application of the general rule would keep out evidence that may have some limited relevance. The trial judge was faced with a boilerplate objection of "irrelevant, immaterial and hearsay" when the evidence was offered. He applied logic, experience and accepted assumptions as to human behavior and made the right call. The evidence was admissible and the jury verdict should stand.